UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GABE WRIGHT, individually and on behalf of all persons similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LINKUS ENTERPRISES, Inc., and DOES 1-10, inclusive,<br><br>    Defendant. | No. 2:07-cv-01347-MCE-CMK<br><br><br><br><br><br>MEMORANDUM AND ORDER |

Plaintiffs filed this action against LinkUs Enterprises, Inc. ("LinkUs") for violation of various state and federal labor laws.  Presently before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement of their hybrid action, which consists of both a Federal Rule of Civil Procedure 23(b)(3) class action and a Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), collective action.

///

///

1

1   Though the Motion is essentially unopposed, the parties do
2 disagree as to one issue pertaining to release of claims by
3 currently absent parties. For the following reasons, the Court
4 now resolves that dispute by ordering that the parties' existing
5 agreement and forms be modified to provide both "opt-out"
6 procedures as allowed under Rule 23 and "opt-in" procedures as
7 required by the FLSA. The parties are directed to submit to the
8 Court final drafts of their proposed Joint Stipulation of
9 Settlement, Notice of Class Action Settlement, and Claim Form
10 documents incorporating the Court's instant Order so that the
11 Court can properly evaluate the parties' already submitted Motion
12 for Preliminary Approval of Settlement.[1]

## ANALYSIS

16   Plaintiffs seek compensation under state and federal law for
17 Defendants' alleged failure to pay wages, including overtime
18 wages, failure to provide meal and rest breaks, failure to
19 reimburse business expenses incurred, and failure to maintain
20 required records. Plaintiffs filed the instant Unopposed Motion
21 for Preliminary Approval of Settlement in which the parties agree
22 to all but the above term.
23 ///
24 ///
25 ///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1  According to Defendants, the Rule 23 opt-out procedures, under
2  which potential plaintiffs are bound by the terms of the
3  settlement unless they affirmatively opt out, should apply to
4  both the state law claims and to those claims arising under the
5  FLSA.  Plaintiffs disagree arguing that, while Rule 23 applies to
6  their state law claims, the FLSA requires potential plaintiffs to
7  opt-in to this action in order to release any claims they may
8  have under the FLSA.  The Court agrees with Plaintiffs.
9       In a collective action brought under the FLSA, "[n]o
10 employee shall be a party plaintiff to any such action unless he
11 gives his consent in writing to become such a party and such
12 consent is filed in the court in which such action is brought."
13 29 U.S.C. § 216(b).  Congress enacted this provision for the
14 purpose of "limiting private FLSA plaintiffs to employees who
15 asserted claims in their own right and freeing employers of the
16 burden of representative actions."  Hoffman-La Roche Inc. v.
17 Sperling, 493 U.S. 165, 173 (1989).
18      Conversely, a class action brought pursuant to Rule 23(b)(3)
19 mandates notice informing potential plaintiffs that they can
20 avoid being bound by the terms of a settlement or judgment if
21 they so inform the court.  See Fed. R. Civ. P. 23(c)(2)(B)(v).
22 Thus, a plaintiff that does not affirmatively "opt-out" from the
23 class may be bound by the disposition of the case, regardless of
24 whether he received actual notice.  Amchem Products, Inc. v.
25 Windsor, 521 U.S. 591, 614-15 (1997).
26 ///
27 ///
28 ///

In <u>Kakani v. Oracle Corp.</u>, the Northern District examined the relationship between the two regimes and held that the use of "opt-out" notice would violate the FLSA.  2007 WL 1793774, at *7 (N.D. Cal. June 19, 2007).  That court stated that it would have been "unconscionable to try to take away the FLSA rights of <u>all</u> workers, whether or not they choose to join in affirmatively."  <u>Id</u>. (emphasis in original).

Defendants' authority to the contrary is inapposite.  First, Defendants cite <u>Hoffman-La Roche Inc.</u> for the proposition that district courts possess discretion over the procedural methods used to join multiple parties in a single case.  However, Defendants interpret <u>Hoffman-La Roche</u> too broadly.  That case merely established that district courts may authorize notification of potential plaintiffs regarding the opportunity to "opt-in" to a collective action.  493 U.S. at 169.  <u>Hoffman La Roche</u> does not stand for the proposition that this Court may substitute Rule 23 "opt-out" notice for the "opt-in" notice expressly required by 29 U.S.C. § 216(b).

Defendants also cite two district court opinions, one in which the court stated without analysis that "opt-out" procedures would be used to settle both FLSA and state law claims, and one in which the federal court simply refused to enjoin a state court from releasing FLSA claims as part of a settlement that utilized "opt-out" notice.  <u>Frank v. Eastman Kodak Co.</u>, 228 F.R.D. 174, 179 (W.D.N.Y. 2005); <u>Dibel v. Jenny Craig, Inc.</u>, 2007 WL 2381237, at * 1 (S.D. Cal Aug. 10, 2007).  This Court finds neither of these cases persuasive and now holds that "opt-in" procedures must be provided for the release of the instant FLSA claims.

4

**CONCLUSION**

In accordance with the above discussion, the parties are hereby ordered to provide potential plaintiffs with the requisite "opt-in" procedures for the release of FLSA claims. The parties are further directed that, not later than ten (10) days from the date this Order is electronically filed, they must submit modified Joint Stipulation of Settlement, Notice of Class Action Settlement, and Claim Form documents incorporating the terms of this Order so the Court is able to proceed to evaluate the parties' previously-filed Motion for Preliminary Approval of Settlement.

IT IS SO ORDERED.

Dated: June 16, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE