UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GABE WRIGHT, individually           No. 2:07-cv-01347-MCE-CMK
and on behalf of all persons
similarly situated

     Plaintiffs,

  v.                                MEMORANDUM AND ORDER

LINKUS ENTERPRISES, INC., RFG
CORPORATION, RIDGELINE
SERVICES, INC., PREMIER
PERSONNEL and DOES 1-10,
inclusive,

     Defendants.

----oo0oo----

    Gabe Wright and Paul Crowley ("Plaintiffs") brought this

action against Linkus Enterprises, Inc., RFG Corporation,

Ridgeline Services, Inc. and Premier Personnel ("Defendants"),

seeking compensation for Defendants' alleged failure to pay

wages, including overtime wages, failure to provide meal and rest

breaks, failure to reimburse business expenses incurred, and

failure to maintain required records.

///

1

Plaintiffs allege Defendants violated various provisions of California law as well as the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.

On November 12, 2008, Plaintiffs filed an Unopposed Motion for Preliminary Approval of Settlement (Docket No. 53).  By Order entered March 3, 2009, the Unopposed Motion for Preliminary Approval was denied without prejudice because the settlement purported to relate to claims against Defendants not party to the instant litigation (Docket No. 65).

Presently before the Court is Plaintiffs' Revised Unopposed Motion for Preliminary Approval of Class Action Settlement filed April 22, 2009 ("Revised Motion") (Docket No. 71).  On June 17, 2009, this Court issued an Order requiring the Plaintiffs to revise the documents (the Joint Stipulation of Settlement, Notice of Class Action Settlement, and Claim Form) submitted with the Revised Motion to include the requisite "opt-in" procedures for the release of FLSA claims (Docket No. 79).  The Plaintiffs filed the Amended Joint Stipulation of Settlement, Notice of Class Action Settlement and Claim Form on July 7, 2009 ("Amended Joint Stip.") (Docket No. 82).  For the reasons set forth below, Plaintiffs' Revised Motion is GRANTED.[1]

///

///

///

///

_____

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**[2]

2

3       Plaintiffs were employed as "Satellite Technicians" by

4   Defendants.  Each morning, Plaintiffs were required to report to

5   various offices, located throughout California, Nevada, and

6   Oregon, before being dispatched to assigned job sites using their

7   own trucks.  While at those job sites, Satellite Technicians used

8   their own tools to install satellite systems and equipment, to

9   install basic cable lines, and to complete the necessary

10  paperwork associated with service orders.  Once Plaintiffs

11  returned home, they were required to complete additional work for

12  submission the following day.

13      However, Plaintiffs allege that, pursuant to Linkus policy,

14  they were permitted to report on their time cards only that time

15  spent at the designated job sites.  Thus, Plaintiffs allege they

16  were not compensated for time spent receiving instructions for

17  daily assignments or picking up tools and equipment, for time

18  spent traveling from the office to various job sites, or for

19  hours required to complete paperwork at home.  As a result,

20  according to Plaintiffs, they were forced to work in excess of

21  eight hours per day and forty hours per week, often were putting

22  in more than twelve hours per day, but their paychecks did not

23  adequately reflect hours worked.

24  ///

25  ///

26

27          [2] Unless otherwise stated, the following facts are taken
    from Plaintiffs' Third Amended Complaint ("TAC") or from
28  Plaintiffs' Unopposed instant Motion.

1    Plaintiffs further allege Defendants consistently deducted
2   thirty minutes of time from their time cards for meal breaks,
3   even when those breaks were not taken.  Finally, Plaintiffs
4   contend they were not accurately reimbursed for the mileage
5   incurred while operating their own vehicles for business
6   purposes.  Accordingly, Plaintiffs commenced the instant action
7   alleging Defendants violated various state laws and the FLSA.
8    Following commencement of this action, the parties conducted
9   discovery.  Defendants disclosed time record data for all
10  Satellite Technicians, wage reports, and financial reports.
11  Additionally, class representatives and other Linkus employees
12  that have consented to this action have provided payroll and time
13  records.  Plaintiffs have interviewed numerous class members
14  concerning the claims and also conducted a public records search
15  of claims filed against Defendants with California's Division of
16  Labor Standards Enforcement.
17   Moreover, on March 3, 2008, the parties enlisted the
18  mediation services of Mark Rudy.  After lengthy negotiations, the
19  parties and Mr. Rudy devised a proposed settlement.  According to
20  the Settlement Agreement, the proposed class consists of
21  approximately 4,000 individuals, all Satellite Technicians
22  employed by Linkus, Premier Personnel, RFG Corporation and
23  Ridgeline Services, Inc., in California, Oregon, or Nevada from
24  July 6, 2003 through the present, and Defendant Linkus will pay
25  up to $2,500,000 to settle this action.  Plaintiffs now move for
26  the Court's preliminary approval of the Settlement Agreement.
27  ///
28  ///

4

1

**STANDARD**

2

3       A court may certify a class if a plaintiff demonstrates that

4  all of the prerequisites of Federal Rule of Civil Procedure 23(a)

5  have been met, and that at least one of the requirements of

6  Federal Rule of Civil Procedure 23(b) have been met.  See Fed. R.

7  Civ. P. 23; see also Valentino v. Carter-Wallace, Inc., 97 F.3d

8  1227, 1234 (9th Cir. 1996).  Before certifying a class, the trial

9  court must conduct a "rigorous analysis" to determine whether the

10 party seeking certification has met the prerequisites of Rule 23.

11 Id. at 1233.  While the trial court has broad discretion to

12 certify a class, its discretion must be exercised within the

13 framework of Rule 23.  Zinser v. Accufix Research Inst., Inc.,

14 253 F.3d 1180, 1186 (9th Cir. 2001), amended, 273 F.3d 1266 (9th

15 Cir. 2001).

16      Rule 23(a) provides four prerequisites that must be

17 satisfied for class certification: (1) the class must be so

18 numerous that joinder of all members is impracticable,

19 (2) questions of law or fact exist that are common to the class,

20 (3) the claims or defenses of the representative parties are

21 typical of the claims or defenses of the class, and (4) the

22 representative parties will fairly and adequately protect the

23 interests of the class.  See Fed. R. Civ. P. 23(a).  Rule 23(b)

24 requires a plaintiff to establish one of the following:

25 ///

26 ///

27 ///

28 ///

1  (1) that there is a risk of substantial prejudice from separate

2  actions; (2) that declaratory or injunctive relief benefitting

3  the class as a whole would be appropriate; or (3) that common

4  questions of law or fact predominate and the class action is

5  superior to other available methods of adjudication.  See Fed. R.

6  Civ. P. 23(b).  For purposes of preliminary approval of class

7  certification and proposed settlement, a district court must

8  evaluate the terms of the settlement to determine whether they

9  are within a range of possible judicial approval.  See Newburg on

10 Class Actions (4th ed. 2002) § 11:25.

11      If, upon receiving notice regarding the class action suit, a

12 large number of class members decide to "opt-out" of the class,

13 the Court may refuse to grant final approval of the class.  In re

14 N. Dist. of Cal., Dalkon Shield IUD Prods. Liab. Litig., 693 F.2d

15 847, 856 (9th Cir. 1982).  Similarly, the Court will have the

16 opportunity to review evidence that bears on the Rule 23

17 requirements for class certification and settlement approval at

18 the Final Fairness Hearing.  Accordingly, the Court may

19 reconsider the findings on a motion for preliminary approval of a

20 class action settlement should additional information come to

21 light that bears on whether the proposed settlement satisfies the

22 requirements of Rule 23.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1

**ANALYSIS**

2

**1.    The Settlement Class Meets the Requirements of
        Rule 23(a)**

3

4

5        Defendants do not oppose Plaintiffs' Motion for Preliminary

6   Approval of Settlement Agreement.   However, even where a proposed

7   settlement is unopposed, a court must fully examine whether the

8   settlement satisfies the Rule 23(a) requirements of numerosity,

9   commonality, typicality, and adequacy of representation.   Hanlon

10  v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998).   A court

11  that is asked to approve a settlement agreement prior to class

12  certification "must pay 'undiluted, even heightened, attention'

13  to class certification requirements...."   Id. (quoting Amchem

14  Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997)).   Accordingly,

15  the Court must apply this standard in evaluating whether

16  Plaintiffs' proposed Settlement Agreement satisfies the

17  Rule 23(a) requirements.   Id.

18       The numerosity requirement of Rule 23(a)(1) is established

19  if "the class is so numerous that joinder of all members is

20  impracticable."   The geographical disbursement of class members

21  outside of one district increases the impracticability of

22  joinder, and "when the class is large, numbers alone are

23  dispositive."   Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D.

24  Ill. 1986).   At the same time, courts have been inclined to

25  certify classes of fairly modest size.

26  ///

27  ///

28  ///

7

1  <u>See</u>, <u>e.g.</u>, <u>Jordan v. Los Angeles County</u>, 669 F.2d 1311, 1319 (9th

2  Cir. 1982) (willing to find numerosity for classes with thirty-

3  nine, sixty-four, and seventy-one people), <u>vacated on other</u>

4  <u>grounds</u>, 459 U.S. 810 (1982).  In the instant case, the class of

5  Satellite Technicians consists of approximately 4,000 individuals

6  dispersed throughout California, Nevada, and Oregon.  The size of

7  the class itself satisfies the numerosity requirements of Rule

8  23(a)(1). Additionally, the geographical location of Satellite

9  Technicians throughout three states increases the

10  impracticability of joining all class members.  Accordingly,

11  Plaintiffs proposed class meets the numerosity requirements of

12  Rule 23(a)(1).

13      Under Rule 23(a)(2), commonality is established if "there

14  are questions of law or fact common to the class."  This

15  requirement is construed permissively and can be satisfied upon a

16  finding of "shared legal issues with divergent factual

17  predicates...."  <u>Hanlon</u>, 150 F.3d at 1019.  The instant case

18  presents the common legal issue of whether class members are

19  entitled to unpaid wages as a result of Defendants'

20  implementation of workplace policies in violation of federal and

21  state law.  The minor factual differences stemming from each

22  class member's unpaid work hours do not defeat commonality.

23  <u>Parra v. Basha's, Inc.</u> 536 F.3d 975, 978 (9th Cir. 2008).  Here,

24  Plaintiffs establish commonality because they allege Linkus'

25  unlawful workplace policies applied equally to the various class

26  members and entitles the class members to a common remedy.

27  ///

28  ///

1    Typicality under Rule 23(a)(3) is satisfied if "the claims
2  or defenses of the representative parties are typical of the
3  claims or defenses of the class."  Typicality does not require
4  the claims to be identical.  <u>Hanlon</u>, 150 F.3d at 1020.  Rather,
5  the Ninth Circuit has found typicality if the requisite claims
6  "'share a common issue of law or fact' ... and are 'sufficiently
7  parallel to insure a vigorous and full presentation of all claims
8  for relief.'"  <u>Cal. Rural Legal Assistance, Inc. v. Legal Servs.</u>
9  <u>Corp.</u>, 917 F.2d 1171, 1175 (9th Cir. 1990) (citations omitted),
10  <u>amended</u>, 937 F.2d 465 (9th Cir. 1991).  The representative
11  plaintiffs in the present matter assert the same claims that
12  could be brought by any of the other class members for the
13  allegedly unlawful policies of Linkus.  Although class members
14  may have minor factual differences in the number of hours worked,
15  miles traveled, and expenses incurred, the differences do not
16  preclude a finding of typicality.

17    The last requirement of Rule 23(a) is that "the
18  representative parties will fairly and adequately protect the
19  interests of the class."  Fed. R. Civ. P. 23(a)(4).  In <u>Hanlon</u>,
20  the Ninth Circuit identified two issues for determining the
21  adequacy of representation: (1) whether the named plaintiffs and
22  their counsel have any conflicts of interest with other class
23  members, and (2) whether the named plaintiffs and their counsel
24  will "prosecute the action vigorously on behalf of the class."
25  150 F.3d at 1020.  With respect to the existence of conflicts of
26  interest, attorney for Plaintiffs, Robert W. Thompson, submitted
27  an affidavit to the Court, in which he disavows any knowledge of
28  a conflict of interest.

Decl. of Robert W. Thompson in Support of Revised Motion, ¶ 10.
Mr. Thompson further states that the Settlement Agreement "is the
product of intensive, arms-length, adversarial negotiation over
the course of more than a year...." Id., ¶ 11.  Moreover,
Plaintiffs' counsel has considerable experience as lead counsel
in class action litigation, including cases that have resolved
labor violations under the Fair Labor Standards Act.  Therefore,
Plaintiffs have satisfied the Rule 23(a)(4) requirement for
adequacy of representation.

     Based on the foregoing discussion, Plaintiffs have
established the class action prerequisites under Rule 23(a).
Accordingly, the next issue to be addressed is whether class
certification, for purposes of preliminary approval of the
Settlement Agreement, is proper under Rule 23(b).

**2.   The Settlement Class Meets the Requirements of
     Rule 23(b)**

     Plaintiffs assert that certification is proper under
Rule 23(b)(3).  Rule 23(b)(3) permits class certification when
(1) common questions of law and fact predominate over any
individual claims and (2) a class action is the superior method
to fairly and efficiently adjudicate the matter.

     Under the Rule 23(b)(3) predominance analysis, the Court
must determine whether the proposed class is "'sufficiently
cohesive to warrant adjudication by representation.'"  Hanlon,
150 F.3d at 1022, citing Amchem Prods., 521 U.S. at 623.
///
///

1  The requirement is satisfied if a plaintiff establishes that a

2  "common nucleus of facts and potential legal remedies dominates"

3  the litigation.  Id.  The "common nucleus of facts" in the

4  present case derives from the alleged policies that required

5  class members to work without compensation, meal and rest

6  periods, and/or reimbursement for expenses.  Based on these

7  alleged violations of federal and state law, class members would

8  be entitled to the same legal remedies.  Accordingly, class

9  certification for purposes of preliminary approval of the

10 Settlement Agreement is proper, despite the existence of minor

11 factual differences between individual class members, because the

12 common issues predominate over varying factual predicates, such

13 as number of hours worked under the allegedly unlawful workplace

14 policies.  See Blackie v. Barrack, 524 F.2d 891, 905 (9th Cir.

15 1975).  Additionally, class certification in this case, where

16 common issues predominate, serves the judicial economy function

17 of Rule 23 class actions.  Valentino, 97 F.3d at 1234.

18     Plaintiffs must also establish that the proposed class

19 action is the superior method of resolving the dispute in

20 comparison to available alternatives.  "A class action is the

21 superior method for managing litigation if no realistic

22 alternative exists."  Id. at 1234-35.  Here, both parties have

23 recognized inherent expenses, delay, and uncertainties of a

24 trial, as well as potential appeals raised by the case.  Revised

25 Motion at 14.  Additionally, Plaintiffs point out that

26 Defendants' financial position makes it unlikely that Defendants

27 could withstand liability greater than the proposed settlement

28 amount should the matter be resolved at trial.  Id. at 15.

1   The Ninth Circuit has recognized that a class action is a
2   plaintiff's only realistic method for recovery if there are
3   multiple claims against the same defendant for relatively small
4   sums.  Local Joint Executive Bd. Culinary/Bartender Trust Fund v.
5   Las Vegas Sands, Inc., 244 F.3d 1152, 1163 (9th Cir. 2001).
6   Based on Defendants' financial position, as well as the risks and
7   uncertainties of proceeding to trial, a class action appears to
8   be the superior method to resolve this case.

9        The same conclusion is reached after consideration of the
10  superiority factors set forth by Rule 23(b)(3).  First, because
11  it is likely that each individual class member could only pursue
12  relatively small claims, "class members have no particular
13  interest in individually controlling the prosecution of separate
14  actions."  Rule 23(b)(3)(A); see also Zinser v. Accufix Research
15  Inst., Inc., 253 F.3d 1180, 1190 (9th Cir. 1991) ("Where damages
16  suffered by each putative class member are not large, this factor
17  weighs in favor of certifying a class action.").  When the
18  individual claims of class members are small, the class action
19  "facilitates the spreading of the litigation costs among the
20  numerous injured parties" and encourages recovery for unlawful
21  activity.  See In re Warfarin Sodium Antitrust Litig., 391 F.3d
22  516, 534 (3rd Cir. 2004).  Additionally, in the instant action,
23  the class members have the option to "opt-out" of the proposed
24  settlement, thus allowing individuals the opportunity to control
25  the litigation.  Id.
26  ///
27  ///
28  ///

12

The second relevant factor under Rule 23(b)(3) is whether, and to what extent, other class members have begun litigation concerning the controversy.  Rule 23(b)(3)(B).  This factor counsels against certification if, despite the class action, a multiplicity of suits will continue through judicial proceedings. Zinser, 253 F.3d at 1191 (citing to 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1780 at 568-70 (2d ed. 1986)).  Here, another class member, Adam Gesberg, filed a class action lawsuit against Linkus for the same or substantially similar claims.  See Related Case Order entered October 30, 2008 (Docket No. 49).  Gesberg's case was re-assigned to this Court.  On March 27, 2009, the Court approved a settlement of that action and dismissed Gesberg's case with prejudice as to the named plaintiffs only.  See Gesberg v. Linkus Enters., Inc., No. 2:08-cv-02428, Order entered March 27, 2009 (Docket No. 73).  The instant case would cover the remaining members of Gesberg's class.  Accordingly, the Rule 23(b)(3)(B) concern regarding the multiplicity of litigation does not weigh against certification.

Under Rule 23(b)(3)(C), the Court may also consider "the desirability or undesirability of concentrating the litigation of the claims in a particular forum."  With the parties already having agreed on a proposed Settlement Agreement, "the desirability of concentrating the litigation in one forum is obvious."  Elkins v. Equitable Life Ins. Co. of Iowa, No. 96-296-CIV-T-MB, 1998 U.S. Dist. Lexis 1557, at *60 (M.D. Fla. Jan. 27, 1998).

///

13

For purposes of preliminary approval of the Settlement Agreement, there appears to be no reason why concentrating the litigation in this Court would be undesirable.

Lastly, under Rule 23(b)(3)(D), the Court may consider "likely difficulties in managing a class action."  In the context of a settlement, however, considerations regarding management of the class action are irrelevant because the proposal to the court is to avoid trial through a settlement agreement.  See Amchem, 521 U.S. at 620.

In light of these considerations, the settlement class appears proper under the requirements of Rule 23(b)(3) for purposes of preliminary approval.  The Court, however, may review this finding at the Final Approval Hearing.


### 3.   The Settlement Agreement Satisfies the Notice Requirements for State Law Claims Under Rule 23(c)(2)(B)


For proposed settlements under Rule 23, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Rule 23(e)(1).  When a class is certified under Rule 23(b)(3), the notice must meet the requirements of Rule 23(c)(2)(B), which requires the "best notice . . . practicable under the circumstances...to all members who can be identified through reasonable effort."  However, actual notice is not required under Rule 23(c)(2)(B).  See Silber v. Mabon, 18 F.3d 1449, 1454 (9th Cir. 1994).

///

///

14

Notice by mail is sufficient to provide due process to known affected parties, so long as the notice is "reasonably calculated...to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314, 318 (1950).

The Settlement Agreement in the instant case proposes that Defendant Linkus will provide a Settlement Administrator with the name, last-known address, and social security number for each class member. Amended Joint Stip. at 17. In turn, the Settlement Administrator will "take all steps as are reasonably necessary to ensure Class Members receive a Notice and Claim Form...." <u>Id</u>. at 15. The Settlement Administrator will use methods "to ensure the most up-to-date and accurate addresses for Class Members" and conduct searches on all returned and undelivered mail. <u>Id</u>. This attempt to provide notice is the best practicable means available under the circumstances, and is reasonably calculated to provide notice to potential class members. Accordingly, the Settlement Agreement satisfies the Rule 23(c)(2)(B) requirement that the Court direct the "best notice that is practicable under the circumstances . . . ."

Rule 23(c)(2)(B) also requires that the notice must state in clear, concise, plain, and easily understood language:

| | |
|---|---|
| (i) | the nature of the action; |
| (ii) | the definition of the class certified; |
| (iii) | the class claims, issues, or defenses; |
| (iv) | that a class member may enter an appearance through an attorney if the member so desires; |
| (v) | that the court will exclude from the class any member who requests exclusion; |

<div style="margin-left:2em">

(vi)       the time and manner for requesting exclusion; and

(vii)      the binding effect of a class judgment on members under Rule 23(c)(3).

</div>

The notice, as proposed by the parties sufficiently meets these requirements.  <u>See</u> Amended Joint Stip., Ex. 1.  The proposed notice includes information about the nature of the litigation, the scope of the class involved, and claims against Defendants.  The proposed notice also clearly explains that class members may enter an appearance, or "opt-out" of the proposed class and the binding effect of a judgment.  Accordingly, Plaintiff has satisfied the notice requirements of Rule 23(c)(2)(B).

### 4. The Settlement Agreement Satisfies the Notice Requirement for Claims Under the FLSA

Plaintiffs allege violations of state and federal law. The state law claims may be vindicated through a Rule 23(b)(3) class action, which allows binding those class members who do not affirmatively "opt-out" of the class.  In contrast, the federal law claims are brought under the Fair Labor Standards Act ("FLSA"), which authorizes collective actions, but limits participation in the action by providing that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  Accordingly, this Court ordered that the Settlement Agreement, Notice of Class Action and Claim Form include the requisite "opt-in" procedures for the release of the FLSA claims.

See Order entered June 17, 2009 (Docket No. 79).  The Joint
Stipulation of Settlement, Notice of Class Action and Claim Form
have been revised to include the FLSA "opt-in" procedures and,
accordingly, have satisfied the notice requirements of 29 U.S.C.
§ 216(b).  See Amended Joint Stip. and exhibits thereto.

###    5.    The Settlement Meets the Requirements of Rule 23(e)

Under Rule 23(e), the Court must "determine whether a
proposed settlement is fundamentally fair, adequate, and
reasonable."  Hanlon, 150 F.3d at 1026.  To this end, the Court
must consider a number of "fairness factors," including: (1) the
strength of the plaintiffs' case; (2) the risk, expense,
complexity, and likely duration of further litigation; (3) the
risk of maintaining class action status throughout the trial;
(4) the amount offered in settlement; (5) the extent of discovery
completed, and the stage of the proceedings; (6) the experience
and views of counsel; (7) the presence of a governmental
participant; and (8) the reaction of the class members to the
proposed settlement.  Officers for Justice v. Civil Serv. Comm'n
of City and County of San Francisco, 688 F.2d 615, 625 (9th Cir.
1982).  The Ninth Circuit has made clear that these factors are
not an "exhaustive list of relevant considerations" and that
"[t]he relative degree of importance to be attached to any
particular factor will depend on the unique circumstances of each
case."  Id.  Additionally, the Court must ensure that "the
agreement is not the product of fraud or overreaching by, or
collusion between, the negotiating parties."  Id.

1    The instant case involves complex legal and factual issues.

2    The Settlement Agreement is proposed after approximately a year

3    of arms-length and adversarial negotiation, during which time an

4    impartial mediator helped the parties obtain a compromise that

5    both parties finds satisfactory.  Revised Motion at 13.  Both

6    parties are represented by counsel with experience in class

7    action litigation.  Id.  The proposed Settlement Agreement

8    accounts for the expense, delay, and uncertainty that a trial

9    would necessarily entail, as well as the potential appellate

10   issues that could arise.  Id. at 14.  The total settlement amount

11   will be apportioned fairly among the class members because it

12   will be distributed based on the number of weeks the class member

13   was employed by Defendant Linkus.  Id.  Lastly, the financial

14   condition of Defendants creates the possibility that Defendants

15   could not withstand greater liability than the proposed

16   settlement amount.  Id. at 15.  Based on these considerations,

17   for purposes of preliminary approval the terms of the Settlement

18   Agreement appear fair, adequate, and reasonable.

19       Moreover, the Court cannot find any evidence of collusion or

20   overreaching.  For settlement approval in the Ninth Circuit,

21   district courts must evaluate whether "fees and relief provisions

22   clearly suggest the possibility that class interests gave way to

23   self interests."  Staton v. Boeing Co., 327 F.3d 938, 961 (9th

24   Cir. 2003).  Here, Defendants have denied liability for all

25   causes of action, and the Settlement Agreement proposed to the

26   Court is for settlement purposes only.  Amended Joint Stip., ¶ 5.

27   ///

28   ///

Additionally, based on the complexity of the litigation, the potential for appeal, and the financial condition of Defendants, Plaintiffs' counsel has concluded that settlement is in the best interest of the class.  Revised Motion at 13-15.

Accordingly, for purposes of preliminary approval, the Court is satisfied that the terms of the proposed settlement is fair, adequate, and reasonable.  The finding will be further reviewed for fairness, and evidence of overreaching and/or collusion, following appropriate notice to the class members and a Final Fairness Hearing.

### 6.   The Agreed Upon Attorneys' Fees and Named Plaintiffs' Incentive Awards Are Proper

The Settlement Agreement proposes awarding Plaintiffs' counsel $625,000 for their fees and costs, an amount that equals 25 percent of the proposed total settlement amount of $2,500,000. Revised Motion at 17.  In a common fund case, like the present action, the Court has discretion to award attorneys' fees according to the percentage-of-the-fund method or the lodestar method.  <u>Vizcaino v. Microsoft Corp.</u>, 290 F.3d 1043, 1047 (9th Cir. 2003).  The lodestar method, multiplying the number of reasonable hours worked by a reasonable rate, may also be used as a cross-check on the reasonableness of fees awarded through a percentage method.  <u>Id</u>. at 1050-51.

Further, when determining attorneys' fees, district courts in the Ninth Circuit should "be guided by the fundamental principle that fee awards out of common funds be '<u>reasonable</u> <u>under the circumstances</u>.'"

19

1   Chemical Bank v. City of Seattle (In re Washington Pub. Power

2   Supply Sys. Sec. Litig.), 19 F.3d 1291, 1296 (9th Cir. 1994)

3   (emphasis in original), quoting Florida v. Dunne, 915 F.2d 542,

4   545 (9th Cir. 1990).  In looking at the circumstances of each

5   case, relevant factors may include early settlement, achievement

6   of an excellent result, risk, and a showing of standard fees for

7   similar litigation.  See Vizcaino, 290 F.3d at 1048-50.

8        The Settlement Agreement here proposes an award of

9   attorneys' fees consistent with the 9th Circuit benchmark amount

10  of 25 percent under the percentage-of-the-fund method.  See

11  Hanlon, 150 F.3d at 1029 (9th Cir. 1998).  Moreover, Plaintiffs'

12  counsel proposes this Settlement Agreement after lengthy

13  investigation and litigation, including "in-person interviews

14  with potential witnesses, extensive written and oral discovery,

15  and exhaustive analysis of documentary evidence."  Revised Motion

16  at 18.  Additionally, the complex legal issues in the case

17  increase the risk involved with proceeding to trial, and awarding

18  Plaintiffs' attorneys a percentage of the total settlement amount

19  would adequately compensate Plaintiffs' counsel for the proposed

20  settlement at an early stage in the litigation.  See Boeing Co.

21  v. Van Gemert, 444 U.S. 472, 478 (1980) (explaining that the

22  common fund doctrine "rests on the perception that persons who

23  obtain the benefit of a lawsuit without contributing to its cost

24  are unjustly enriched at the successful litigant's expense[,]"

25  and assessing attorneys' fees against the entire fund prevents

26  inequity by "spreading fees proportionately among those

27  benefitted by the suit.").

28  ///

1  While the Court will revisit the matter at the Final Fairness
2  Hearing, at present the proposal appears fair and reasonable for
3  purposes of preliminary approval.

4      Plaintiffs' request for incentive awards to the named
5  Plaintiffs in the amount of $5,000 also appears reasonable.  To
6  determine the propriety of incentive awards to named plaintiffs,
7  a district court should consider the actions protecting class
8  interests, the benefit provided to the class based on those
9  actions, and the amount of time and effort expended by the
10 plaintiff.  Staton, 327 F.3d at 976-77 (citing Cook v. Niedert,
11 142 F.3d 1004, 1016 (7th Cir. 1998)).  Named Plaintiffs in the
12 instant case have informed Plaintiffs' counsel throughout the
13 course of litigation on the working conditions of class members,
14 as well as Defendants' policies and procedures giving rise to the
15 alleged violations of state and federal laws.  Revised Motion at
16 16.  These efforts were instrumental in bringing about the
17 proposed Settlement Agreement, which will provide monetary
18 compensation to a large class of current and former employees of
19 Defendants.  In light of these efforts, the proposed incentive
20 awards to named Plaintiffs appears reasonable and justifies
21 preliminary approval.  The Court, however, will revisit the
22 matter at the Final Fairness Hearing.

23

24      **7.   The Court Temporarily Enjoins the Prosecution of Claims
        by Class Members Covered by the Settlement Agreement**
25

26      Plaintiffs request that the Court enjoin all other class
27 members from commencing actions based on claims covered by the
28 Settlement Agreement.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  This statute provides district courts the authority "to stay pending federal and state cases brought on behalf of class members."  White v. Eagle-Picher Industs., Inc. (In re Joint E. and S. Dist. Asbestos Litig.), 134 F.R.D. 32, 37 (E.D.N.Y. 1990).

Plaintiffs urge the Court to enjoin the prosecution of claims by class members because ongoing multiplicity of litigation will undermine the settlement efforts.  Revised Motion at 23.  Plaintiffs also point out that a stay of federal and state cases would only last until final approval of the Settlement Agreement.  Id.  The Court recognizes that the existence of other actions by class members for the same or similar claims could jeopardize the ability to proceed with final approval of the settlement.  See In re Baldwin-United Corp., 770 F.2d 328, 333 (2d Cir. 1985).  Moreover, Rule 23 authorizes district courts with the power "to maintain the status quo during the trial and appellate process."  In re Joint E. and S. Dist. Asbestos Litig., 134 F.R.D. at 37.  Accordingly, pursuant to this Court's authority under 28 U.S.C. § 1651(a), all class members are temporarily enjoined from commencing actions against Defendants for claims covered by the Settlement Agreement until the Court issues an order at the Final Fairness Hearing on the proposed Settlement Agreement.

///

///

22

1

**CONCLUSION**

2

3        Plaintiffs' Revised Motion for Preliminary Approval of the

4   Settlement Agreement (Docket NO. 71) is GRANTED.   The Court

5   certifies for settlement purposes only Plaintiffs' alleged class

6   of "All individuals who are or were employed as satellite

7   technicians by LINKUS, Premier Personnel, RFG Corporation,[3] and

8   Ridge line Services, Inc. (and all fictitious business names) or

9   performing services for any of these companies as a satellite

10  technician in California, Oregon, or Nevada from July 6, 2003"

11  through the date of this Order who do not "opt-out" of the

12  Settlement Agreement.   See Amended Joint Stip., ¶ 1(h).

13       The Court orders that the Settlement Agreement shall bind

14  state law claims of all class members, and claims under the FLSA

15  only for class members who affirmatively "opt-in" to the class by

16  filling out and returning a valid Claim Form pursuant to the

17  terms of the Settlement Agreement.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24

25        [3] The Court notes that the TAC added "RFG Corporation" as an
additional Defendant, however the Amended Joint Stipulation of
26  Settlement, Notice of Class Action, and Claim Form currently
reference both RFG Corporation and RFG Corporation, Inc.   Thus,
27  this approval of the Preliminary Settlement Agreement is
contingent on the parties updating the documents to clarify
28  whether named Defendant RFG Corporation should be referenced as
RFG Corporation or RFG Corporation, Inc. or both.

1    Pursuant to the Settlement Agreement, the Court hereby

2 appoints Rosenthal & Company, LLC as Settlement Administrator.

3 The Settlement Administrator shall direct notice of the

4 settlement and the Claim Forms as provided for by the Settlement

5 Agreement.[4]

6    The Court hereby appoints Plaintiffs Wright and Crowley as

7 class representatives, and Robert W. Thompson and Kathleen

8 Hartman of Callahan, McCune & Willis, APLC, as class counsel.

9    The parties are directed to file a Motion for Final Approval

10 of Settlement not later than 120 days following the date this

11 Order is electronically filed.  The Final Fairness Hearing to

12 determine whether the Settlement Agreement should be granted

13 final approval as fair, reasonable, and adequate will be held not

14 earlier than 120 days from the date this Order is electronically

15 filed.  At the final approval hearing, the Court will hear any

16 further evidence and argument necessary to evaluate the

17 settlement and will consider Plaintiffs' application for an

18 enhancement and an award of attorneys' fees and costs.

19    Any class member who affirmatively "opts-in" may appear at

20 the final approval hearing in person or by his or her own

21 attorney and object to the settlement, the application for an

22 award of attorneys' fees and cost, or the application for Class

23 Representatives' Enhancements.

24

25    [4] Although Section 12(b) of the Amended Joint Stipulation of
   Settlement provides that the Settlement Administrator shall send
26 the Notices of Settlement and Claim Forms fifteen (15) calendar
   days after receiving the information set forth in Section 12(a)
27 from Linkus, by Order entered on January 20, 2009, this Court
   approved of a modification to Section 12 of the Joint Stipulation
28 of Settlement allowing the Settlement Administrator twenty-two
   (22) days to mail the Notices of Settlement and Claim Forms.

1 | To be considered at the hearing, comments or objections from

2 | class members must be filed with the Court and mailed to Class

3 | Counsel and Linkus Counsel, not later than 45 days after the date

4 | the Claims Administrator initially mails the Notices of Class

5 | Action and Claim Forms.

6 |      The Court reserves the right to continue the date of the

7 | final approval hearing without further notice to class members.

8 |      IT IS SO ORDERED.

Dated: July 28, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE