UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABE WRIGHT and PAUL CROWLEY, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LINKUS ENTERPRISES, INC., RFG CORPORATION, RIDGELINE SERVICES, INC., and PREMIER PERSONNEL and DOES 1 to 10, inclusive,<br><br>Defendants. | No. 2:07-cv-01347-MCE-CMK<br><br>**ORDER ON MOTION FOR FINAL APPROVAL OF THE JOINT STIPULATION OF SETTLEMENT** |

Presently before the Court is Plaintiffs' Motion for Final Approval of the Joint Stipulation of Settlement, filed on December 15, 2009 after the Court preliminarily approved the parties' Settlement on July 29, 2009 and thereafter directed that notice be provided to class members concerning the proposed Settlement.

Pursuant to the July 29, 2009 Preliminary Approval Order, Notice was given to the Class by mailing a Notice and Claim Form on or about September 16, 2009. The Notice advised Class Members of

1

the opportunity to object to the Joint Stipulation of Settlement and/or Class Counsel's request for an award of attorneys' fees and costs and Class Representative enhancements, and of the opportunity for Class Members to exclude themselves from the Class.  The Notice further provided, in accordance with the provisions of the Court's preliminary approval, that any objection to the Settlement had to be submitted not later than November 2, 2009.  The Notice went on to unequivocally state that failure to comply with the deadline for objection would constitute a waiver of any objection, and that such failure would foreclose "any objection or appealing from any order or judgment entered on the Settlement."  No objections were received by the Court, Counsel, or Claims Administrator within the relevant time period.  Consequently, on December 15, 2009, Class Counsel filed the instant Motion for Final Approval of Class Action Settlement and supporting papers, as well as a request for an award of attorneys' fees and costs.  Defendants have not opposed the motion.

Nonetheless, on January 21, 2009, nearly two months after the time period for registering any objection expired, and just one week before the scheduled hearing on Plaintiffs' Motion for final approval, counsel for a Nevada class member, Joe Valdez, filed objections to the Settlement.  That objection is clearly tardy. While Valdez' counsel urges the Court to overlook the timeliness issue on grounds that neither he nor his client knew about the proposed Settlement until December 29, 2009, Valdez himself presented no sworn declaration that he had not received the Notice and Claim Form in September of 2009.

///

Moreover, and even more importantly, Valdez' counsel admit that at the very least he and his client knew about the pending Settlement more than three weeks before the scheduled hearing, but failed to file anything with the court until the very eve of final approval despite that knowledge. That omission alone is enough to disregard Valdez' objection.

Irrespective of whether or not the Valdez objection is considered, however, it is uncontroverted that the proposed Settlement has been resoundingly supported by the remainder of the Class. Nearly 50 percent of the Class of some 3,404 individuals (1,563) have submitted claims forms and have expressed their desire to participate in the Settlement if approved by the Court. Only two potential class members have opted out of the Settlement and Mr. Valdez is the only person to have raised any objection.

As pertinent case law has confirmed, "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of the proposed settlement are favorable to the class members." In re Omnivision Technologies, Inc., 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008). "While the presence of objecting members is a relevant factor, it is not dispositive even when many class members object." League of Martin v. City of Milwaukee, 588 F. Supp. 1004, 1022 (E.D. Wis. 1984), citing Armstrong v. Board of School Directors, 616 F.2d 305, 326 (7th Cir. 1980). Indeed, courts have approved settlements despite objections from significant numbers of class members. Id., see also Reed v. General Motors Corp., 703 F.2d 170 (5th Cir. 1983) (no error where lower court approved settlement despite objection from some 41 percent of class members).

1        Here, after having read and fully considered the terms of the
 2   Joint Stipulation of Settlement, the Motion for Final Approval of
 3   the Joint Stipulation of Settlement, the request for the Class
 4   Representative enhancements, and the request for an award of
 5   attorneys' fees and costs and all other documents on file in this
 6   matter, the Court finds that the Settlement is fair, reasonable,
 7   and adequate.
 8        IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:
 9        1.   The Court, for purposes of this Order, adopts the
10   definitions of "Class" and "Class Members" as follows"
11              "All individuals who did not opt out and who
12              from July 6, 2003 through July 29, 2009: (1) were
13              employed as satellite technicians in California,
14              Nevada or Oregon by LINKUS; or (2) were categorized
15              by LINKUS as PEO employees and who performed work
16              as a satellite technician through Premier
17              Personnel, RFG, or Ridgeline (and all fictitious
18              business names of those entities) for LINKUS.
19              Class Members are part of one or more Subclasses
20              which are defined below:
21              Subclass One:  All individuals who, as of the
22              date of the Final Approval Hearing on the
23              Settlement have filed with the Court a claim form
24              consenting to join this action as a plaintiff
25              pursuant to 29 U.S.C. section 261(b) of the Fair
26              Labor Standards Act, and who, between July 6, 2003
27              and July 29, 2009 were:
28   ///

|   |   |
|---|---|
| 1 | (1) directly employed as satellite technicians in |
| 2 | California, Nevada or Oregon by LINKUS; or (2) were |
| 3 | categorized by LINKUS as PEO employees and who |
| 4 | performed work as a satellite technician LINKUS |
| 5 | through Premier Personnel, RFG, or Ridgeline (and |
| 6 | all fictitious business names of those entities). |

        Subclass Two: All individuals who, between July 6, 2003 and July 29, 2009 were: (1) employed as satellite technicians in California, Nevada or Oregon by LINKUS; or (2) categorized by LINKUS as PEO employees and who performed work for LINKUS as a satellite technician through Premier Personnel, RFG, or Ridgeline (and all fictitious business names of those entities."

    2.    The Court has personal jurisdiction over all Class Members, except for those who have timely opted out of the Class, and has subject matter jurisdiction over this action, including, without limitation, jurisdiction to (1) approve the Settlement, (2) issue an award of attorneys' fees and costs to Class Counsel and enhancement awards to the Class Representatives; and (3) entering final judgment that dismisses the action with prejudice after all sums due and owing under the Settlement are paid and which will permanently bar all claims released by the Settlement except for claims under the Fair Labor Standards Act of those persons who did not submit a request to join the Class.

    3.    The Class is certified.

///

///

1    4.    The Settlement is, after hearing, determined to be fair, reasonable, and in the best interests of the Class.  It is, therefore, approved.  With respect to the determination that the Joint Stipulation of Settlement is fair, reasonable and adequate, the Court specifically notes that the outcome of a trial on the merits was by no means certain, the litigation involved highly complex factual and legal issues, the Joint Stipulation of Settlement was reached with the participation of a respected mediator, and the monetary terms of the Settlement reflect substantial benefits to the Class.  Pursuant to the Final Judgment, to be entered pursuant to this Order, this action will be dismissed with prejudice, each side to bear its own costs, except as set forth herein.  It is further ordered that each and every term, provision, condition, and agreement of the Joint Stipulation of Settlement are adopted, incorporated and made part of this Order and Judgment, and shall be effective, implemented, and enforced as provided in the Joint Stipulation of Settlement.

    5.    Based on the Motion for Final Approval and documents submitted therewith, the Court finds that the distribution of the Notice and Claim Form were materially implemented to all Class Members in accordance with Federal Rule of Civil Procedure 23(c)(2)(B), with the terms of the Joint Stipulation of Settlement and the Preliminary Approval Order.

    6.    Based on the Motion for Final Approval and request for enhancement payments to the Class Representatives, which is unopposed by Defendants, each Class Representative is awarded $5,000.00.

///

1. 7. Based on the materials submitted by Class Counsel in support of the request for an award of attorneys' fees and costs, which is unopposed by Defendants, Class Counsel is awarded $625,000.00 as compensation and reimbursement for expenses.

8. The Settlement monies shall be distributed as set forth in the Joint Stipulation of Settlement.

9. This Order and the Final Judgment permanently bars all Claims released by the Joint Stipulation of Settlement, including, without limitation, all Subclass One Released Claims for those persons who are Subclass One Members and all Subclass Two Released Claims for all Class Members except for the two individuals who opted out of the Settlement.

10. This Order and the Final Judgment incorporates herein the releases in the Joint Stipulation of Settlement, including, without limitation, in Section 18 of the Joint Stipulation of Settlement.

11. The Court retains jurisdiction over the Settlement of this case and may enter additional orders to effectuate the fair and orderly administration of the Settlement as may from time to time be appropriate. The retention of jurisdiction includes, without limitation, enforcement of the releases in Section 18 of the Joint Stipulation of Settlement and/or other provisions of the Joint Stipulation of Settlement.

///
///
///
///
///
///

1     12. The Court dismisses the action on the merits and with
2 prejudice and the Subclass One Released Claims and Subclass Two
3 Released Claims as defined in the Joint Stipulation of Settlement.
4 The two persons who opted out of the Joint Stipulation of
5 Settlement have not released any claims pursuant to this Order.
6     IT IS SO ORDERED.

DATED: February 3, 2010

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE